IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHANTEL DAWN COOPER,<br><br>Defendant. | CR 19-60-M-DLC<br><br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court is a petition filed on December 3, 2024, alleging Defendant Chantel Dawn Cooper violated conditions of her supervised release. By Order issued December 6, 2024, United States District Dana L. Christensen referred this matter to me to conduct a revocation hearing, and submit proposed findings and recommendations as to revocation and a recommended disposition. The Court conducted the hearing on December 10, 2024.

The petition alleges Cooper committed two violations of her supervised release conditions. First, the petition alleges that on November 7, 2024 Cooper provided to the U.S. Probation Office in Missoula, MT a urine sample that tested presumptively positive for methamphetamine. Cooper then admitted that on October 31, 2024 she had consumed methamphetamine.

1

Second, the petition alleges multiple instances of noncompliance with requirements regarding substance abuse testing.  Cooper allegedly failed to report for required urinalysis testing on August 15, 2024; August 23, 2024; September 18, 2024; and November 11, 2024.  The petition further alleges that that on November 20, 2024, Cooper failed to report as instructed to Compliance Monitoring Systems in Polson, MT for the removal of a sweat patch.  The petition alleges that Cooper instead reported on November 27, 2024 and that staff at Compliance Monitoring Systems noticed that patch appeared to have been tampered with.  The petition alleges that Cooper admitted removing the patch after it was applied on November 20, 2024 and placing it back on her skin on November 27, 2024.

At the hearing and while under oath, Cooper admitted that she committed the violations as alleged in the petition.  Therefore, the Court finds the United States has met its burden of proof to establish that Cooper violated conditions of her release.

Having considered the record in this case, and the information and arguments presented at the hearing, IT IS RECOMMENDED that Cooper's supervised release be REVOKED.  The recommended disposition is that Cooper be sentenced to custody for a period of nine months with no term of supervised release to follow the nine months of incarceration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 10th day of December, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge